# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1631V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
LINDA WAXMAN,                                 *
                                              *    Chief Special Master Corcoran
                    Petitioner,               *
                                              *    Dated: April 10, 2023
          v.                                  *
                                              *
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES                                *
                                              *
                    Respondent.               *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Jason Barton Eshelman,* Eshelman Legal Group, Cuyahoga Falls, OH, for Petitioner.

*Julia Marter Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On July 29, 2021, Linda Waxman filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. Petitioner alleged that her receipt of the influenza ("flu") vaccine on September 5, 2020, resulted in an ulnar neuropathy. *Id.*

The matter was originally assigned to the Special Processing Unit ("SPU"), because it appeared to allege a Table claim that might easily be settled. Respondent's Rule 4(c) Report was

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

filed on March 21, 2023, arguing that the case should be dismissed for failure to demonstrate entitlement to compensation. *See* Report, dated Mar. 21, 2023 (ECF No. 27). Specifically, Respondent argued that Petitioner could not satisfy the severity requirement, or establish a basis for a non-Table, causation-in-fact claim. *Id*. Thereafter the case was transferred to my non-SPU docket, and I held a status conference on April 6, 2023, where I discussed the need for an expert report to substantiate what was more likely only tenable as a non-Table claim. *Scheduling Order*, dated Apr. 6, 2023. Petitioner, however, notified me at this time that she could not find an expert to opine on the matter, and was instead ready to seek the claim's dismissal. *Id*.

Petitioner has now filed a motion for a decision dismissing the claim. *See* Motion, dated April 6, 2023 (ECF No. 30) ("Motion"). In it, Petitioner maintains that after an investigation of the facts and science supporting her case, she has determined that she is unable to prove that she is entitled to compensation in the Vaccine Program, and that to proceed further would be unreasonable and would waste the resources of the Court, Respondent, and the Vaccine Program. *See* Motion at 1. Petitioner also acknowledges in her motion that she understands a decision dismissing her petition will result in a judgment against her, and that such a judgment will end all her rights in the Vaccine Program. *Id*.

## ANALYSIS

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail herself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner's request is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because the claim appears unlikely to succeed, or simply because the petitioner prefers not to continue with the claim, but seeks to terminate the action after the time to act under Rule 21 has passed. *See,* e.g., *Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl. Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein) permit dismissal of claims at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in

the record for Petitioner to meet her burden of proof, because Petitioner has not offered expert support for her causation claim. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.